IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL DEPOSIT INSURANCE
CORPORATION,

        Plaintiff,

vs.                                                                       No. CIV 89-0237 JB/RLP

ALICE S. HARGER, a single woman,
ROCKY MOUNTAIN PLUMBING & HEATING,
a New Mexico Corporation, STEVEN H. MAZER,
Trustee, and SPRINGER CONSTRUCTION
COMPANY, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Hans Bazen's Motion to Re-Open Case and Substitute Plaintiff, filed September 9, 2008 (Doc. 13). The Court held a hearing on April 20, 2009. The primary issue is whether the Court should allow Hans Bazen, an interested party, to re-open this case, which was terminated in 1989, and substitute in as the plaintiff. Because Bazen is the apparent assignee of the current Plaintiff Federal Deposit Insurance Corporation's interest in the judgment in this case, the Court will substitute him as Plaintiff. Reopening the case, however, is not needed for Bazen to enforce the judgment and so the Court will deny that aspect of the motion. The Court will, however, require Bazen to give notice to the parties in the case about its proposed action and about the Court's opinion here.

## PROCEDURAL BACKGROUND

The Clerk's Office closed this case almost two decades ago, when on September 20, 1989, the Honorable Judge Juan G. Burciaga, United States District Judge, entered a Stipulated and

Default Judgment and Decree of Foreclosure.  See Doc. 11 ("Stipulated Order").  After Judge Burciaga entered the Stipulated Order, it was determined that petroleum-based chemicals had contaminated the property that was to be foreclosed.  See Motion ¶ 2, at 1.  Because of the contamination, the Village of Los Lunas declared the property a nuisance.  See id. ¶ 3, at 1.  Under the direction of the New Mexico Environment Department, the property was remediated in April 2004, making it able to be reasonably foreclosed.  See id. ¶¶ 4-5, a 1-2.

In January 2005, the FDIC agreed to sell its interest in the judgment in this case to Bazen, and Bazen paid $15,000.00 for the assignment.  See id. ¶¶ 6-8, at 2.  According to Bazen, "the FDIC has attempted to repudiate the agreement to assign the foreclosure decree."  Id. ¶ 9, at 2.  Bazen now moves the Court to re-open the case and to substitute him for the FDIC as the Plaintiff.

Only Laurence P. Guggino, Jr., Bazen's attorney, appeared at the hearing.  At the hearing, the Court noted that it was leaving the conference call ongoing in case Robert J. Muehlenweg, counsel for the FDIC, wished to call in to the hearing and that Steve H. Mazer, the Chapter 7 Trustee, had been contacted about the hearing but would not be appearing.  See Transcript of Hearing at 2:4-13 (taken April 20, 2009)(Court)("Tr.").[1]  The Court noted that mail sent to William N. Henderson, Defendant Springer Construction Company, Inc.'s counsel -- the only other party or attorney with an address on file with the Court -- had been returned.  See id. at 2:13-16.

Mr. Guggino indicated that there was some resistance from the FDIC regarding the foreclosure, although it is unclear what the precise problem is.  Mr. Guggino asserted that the FDIC had cashed his client's check and that Bazen owned the FDIC's interest in the judgment.  See id. at 6:11-7:3 (Court & Guggino).  Mr. Guggino stated that he knew how to contact the FDIC and the

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

Defendants in the case.  See id. at 8:4-8 (Guggino).  Mr. Guggino informed the Court that he had been negotiating with the parties, but was unable to get resolution and could think of no other way to proceed than by seeking to reopen the case.  See id. at 9:7-17.  Mr. Guggino stated that his intent to was to have a special master appointed and go forward with the sale as outlined in the Stipulated Order.  See Tr. at 10:16-22 (Court & Guggino).  Mr. Guggino acknowledged that, if his client had received an interest in the judgment in a more normal fashion, he would have attempted to proceed to collect in the original action with writs from the Court.  See id. at 11:25-12:21.

## ANALYSIS

To give Bazen the relief he seeks, the Court does not need to reopen proceedings.  Bazen may be substituted as Plaintiff and may enforce the judgment in this case under the Court's continuing jurisdiction without the need for the case being reopened.  The Court will, however, require that Bazen give notice to the other parties in this case to the extent that it is reasonably possible, so that they may raise any objections they may have.

"While a district court's jurisdiction typically ends when a case is closed and judgment entered, a district court retains ancillary jurisdiction to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" Jenkins v. Kansas City Missouri School Dist., 516 F.3d 1074, 1081 (8th Cir. 2008)(quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 380 (1994)).  Enforcing the judgment here would fall within the boundaries of the Court's continuing jurisdiction.  The question is, given that the Court can exercise jurisdiction, whether the Court must reopen the case.

From what the Court has been able to determine, this question has received scant attention.  The United States Court of Appeals for the Ninth Circuit, in an unpublished opinion, has noted, however, that when a district court has continuing jurisdiction to enforce its judgments, there is no

need to reopen the case to enforce a judgment.  See Henderson v. State of Oregon, 203 Fed.Appx. 45, 52 (9th Cir. 2006).  This approach strikes the Court as reasonable.

Courts have the power to enforce their judgments.  If reopening a case were a prerequisite to exercising that power to enforce their judgments, that power would have little meaning.  A court would enter a judgment and close a case, only to have to reopen the case to allow for execution or enforcement of the judgment.[2]  The Federal Rules of Civil Procedure also do not contemplate reopening cases to execute or enforce judgments.  Rules 69 and 70 of the Federal Rules of Civil Procedure, dealing respectively with the execution of money judgments and enforcement of judgments requiring specific acts, generally provide for court clerks to issue writs in aid of judgments and do not make mention of any need or procedure for reopening a case.  Given that the Court has jurisdiction to enforce its judgments, the Court sees no reason here why reopening the case would be necessary.

As a matter of course, litigants do not seek to reopen proceedings to carry out judgments that a court has entered.  The problem Bazen seems to view here is Bazen having purchased the FDIC's interest in the judgment rather than being the original Plaintiff.  Assigning an interest in a judgment to another is a not uncommon practice, and the Court does not see how the assignment would alter the situation here.  As the owner of the interest in the judgment, Bazen can proceed to act on the foreclosure decree.

This case has been closed for almost two decades.  Given the amount of time that has passed,

---

[2] It is also unclear on what grounds a court could reopen the case in such situations.  Rule 60(b) allows reopening cases for various enumerated grounds to provide relief from a final judgment -- but a party seeking to enforce a judgment has no dispute with the judgment and the grounds for relief listed in rule 60 are unlikely to fit most situations where enforcement of a judgment is sought.

Bazen should attempt to give notice to the original parties to this case about his intentions and the Court's decision here.  If a party with standing to object wishes to contest whether Bazen has the interest in the judgment he asserts or wishes to contest the foreclosure, then the Court will be able to deal with those objections when they are made.  If such objections are made, the adversarial process may also help sharpen the issues raised here.

Accordingly, the Court will not reopen the case at this time because reopening is unnecessary, but will formally substitute Bazen as the Plaintiff for the time being.  Bazen should serve notice and this Court's decision on the original parties to this action, and may then act on the foreclosure decree he asserts he owns.  Because of the nature of the proceedings, the Court will be amenable to changing its decision today if the issues raised in an adversarial manner point to a different outcome.

**IT IS ORDERED** that Hans Bazen's Motion to Re-Open Case and Substitute Plaintiff is granted in part and denied in part.  At the present time, the Court will substitute Hans Bazen as the Plaintiff in this case, but will not reopen the case.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel of Record*:

Robert J. Muehlenweg
Rammelkamp Muehlenweg & Cordova, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Alice S. Harger
Address Unknown

    *Defendant pro se*

Rocky Mountain Plumbing & Heating Company, Inc.
Address Unknown

    *Defendant pro se*

Steve H. Mazer
Bill Gordon & Associates
Albuquerque, New Mexico

    *Attorneys for Chapter 7 Trustee Steve H. Mazer*

William N. Henderson
The Henderson Law Firm
Albuquerque, New Mexico

    *Attorneys for Defendant Springer Construction Company, Inc.*

Laurence P. Guggino, Jr.
Griego, Guggino & Associates
Los Lunas, New Mexico

    *Attorneys for Hans Bazen*